UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:21 CR 513 RWS / DDN |
| ) | |
| v. ) | |
| ) | |
| NICHOLAS LEWIS, ) | |
| ) | |
| Defendant. ) | |

## **DETENTION ORDER**

On May 12, 2022, defendant NICHOLAS LEWIS appeared before the Court with counsel for an initial appearance and a detention hearing on the motion of the United States that defendant be detained in the custody of the United States Marshals Service until trial under the Bail Reform Act of 1986, 18 U.S.C. § 3142. (Doc. 5.)

On September 15, 2021, the grand jury indicted defendant Lewis for possessing a firearm on August 26, 2021, knowing he had previously been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) The maximum statutory penalty upon conviction includes a potential term of confinement for not more than 10 years.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

In deciding the issue of detention or release, the rules of evidence are not strictly applied and the Court may consider unsworn proffers of information. *See* 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 751 (1987) (the parties may "present information by proffer or otherwise"); *United States v. Agriprocessors, Inc.*, 2009 WL 290473 at *5 (N.D. Iowa 2009). The factors to be considered by the Court include the nature and circumstances of the alleged criminal activity, the weight of the evidence against defendant, his history and personal background, whether at the time of the offenses he was subject to release supervision, and whether the release of the defendant would pose a serious danger to any person or the community. 18 U.S.C. § 3142(g).

In its motion for detention, the government proffered much information that indicates that the government has a strong case against defendant. In its motion for detention, the government has proffered the following information about its case against defendant:

> 2. According to United States Marshals, on August 26, 2021 they attempted an arrest of a person at 917 Locust Ave, Apt 205, located in the City of St. Louis, State of Missouri, in the Eastern District of Missouri. The person, K.G. was successfully taken into custody on the warrant for Distribution of a Controlled Substance: Cocaine issued by the United States District Court for the Southern District of Illinois. Defendant also lived at the location. During a protective sweep, a Glock magazine with .40 caliber ammunition and marijuana was found in a bedroom later determined to be the defendant's. After obtaining a consent to search was obtained, a 9mm Glock firearm, additional marijuana, as well as .45 caliber ammunition was found in defendant's bedroom. Defendant admitted to possessing the 9mm Glock knowing he was a prohibited person as a convicted felon.

(Doc. 5 at 1-2.)

On May 13, 2022, the Pretrial Services Office filed its written bail report, Doc. 17, which recommends that defendant be detained. The Court hereby adopts and incorporates by reference into this order the facts set forth in the written bail report.

From the record before it, the Court makes the following findings and conclusions. Defendant Nicholas Lewis is 24 years of age. He was born in Belleville, Illinois, resided in Illinois until 2016, when he relocated with his family to the St. Louis area. For a couple of months recently he has resided with his parents in St. Louis. He has been employed as a package handler with FedEx for 4 to 5 months; he had been employed by Lambert Airport for 3 to 4 years as an airplane fueler. He left the airport position due to an auto accident. He is a high school graduate with some college credits. He has family who may be able to support his release from custody.

Defendant has a criminal record that is significant for his failures to comply with conditions of release. At age 21, he was convicted in Illinois of aggravated fleeing and attempting to elude a police officer. He was placed on 18 months' probation. The Missouri Department of Corrections performed curtesy supervision of defendant's Illinois probation. Defendant repeatedly violated the conditions of probation and on October 29, 2021, a bench warrant was issued by Illinois authorities with bail set at $10,000. On March 24, 2022, an amended petition was filed and an arrest warrant was issued and is still active, whereby the bail order was modified to a no bond status. The state court probation revocation petition includes the allegation that defendant had absconded from supervision. The federal grand jury found probable cause to believe defendant committed the federal offense while on the state court supervision and he was not arrested on the federal offense until after the time defendant was considered an absconder from state probation supervision.

Upon the record before it, for the reasons set forth in the Pretrial Services bail report, the Court finds and concludes by clear and convincing evidence that the release of defendant Nicholas Lewis upon his own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release will not reasonably assure the safety of the community and that he will appear for further proceedings in this court. 18 U.S.C. § 3142(b), (c).

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States that defendant NICHOLAS LEWIS be detained **(Doc. 5) is sustained.** Defendant is committed to the custody of the United States Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting trial, serving sentences, or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that on order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

      /s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 26, 2022.